UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST BROWNING,

    *Plaintiff,*     CASE NO. 13-CV-10257

v.     DISTRICT JUDGE PATRICK J. DUGGAN
    MAGISTRATE JUDGE CHARLES BINDER

KYM WORTHY,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**
(Doc. 14)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED.**

**II.     REPORT**

    **A.     Introduction**

Plaintiff filed the instant *pro se* complaint on January 18, 2013, seeking declaratory and injunctive relief under 42 U.S.C. § 1983, alleging " that Michigan's post-conviction DNA-testing statute violates due process, contrary to the Fourteenth Amendment to the United States Constitution, by limiting DNA testing to only those items of evidence that were used against a criminal defendant at trial and that led to his conviction..." (Doc. 1 at 1.)  Defendant filed the

instant motion to dismiss or for summary judgment on September 27, 2013. (Doc. 11.) On October 2, 2013, a Notice of Determination of Motion Without Oral Argument was field by the Court. (Doc. 12.) Plaintiff responded to the motion on October 28, 2013. (Doc. 16.) On October 3, 2013, Defendant filed a supplemental brief (Doc. 14), Plaintiff filed a response to the supplemental brief on October 28, 2013 (Doc. 17), and Defendant filed a reply on November 15, 2013. (Doc. 18.) On March 20, 2014, the case was reassigned from Magistrate Judge Michelson to the undersigned and on March 31, 2014, the case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 19.) I therefore suggest that the motion is ready for report and recommendation without oral argument pursuant to E.D. Mich. LR 7.1(f)(1).

### B. Motion Standards

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need

not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

    **C.**    **Analysis and Conclusions**

Defendant moves for dismissal on the following grounds:(1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) Plaintiff has failed to state a claim because Defendant has no statutory duty to provide the relief he is seeking, i.e., for Defendant to produce the biological evidence collected from the victim; and (3) Plaintiff has no substantive due process right to DNA testing. (Doc. 11.)

Pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the *Rooker-Feldman* doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman*, 460 U.S. at 486-87. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

Defendant argues that Plaintiff "is not challenging the facial validity of the statute" citing a paragraph from Plaintiff's complaint which references the statute "as authoritatively construed by the courts of Michigan" (Doc. 11 at 12; Doc. 1 at 5.) However, in doing so, Defendant cites the phrase out of context as Plaintiff's complaint states, "he is not challenging any ruling of any state court" but "[r]ather, is challenging the constitutionality of the state statute on its face, as authoritatively construed by the state courts." (Doc. 1 at 5.) In addition, Defendant ignores page

4

one of Plaintiff's complaint wherein he alleges " that Michigan's post-conviction DNA-testing statute violates due process, contrary to the Fourteenth Amendment to the United States Constitution, by limiting DNA testing to only those items of evidence that were used against a criminal defendant at trial and that led to his conviction..." (Doc. 1 at 1.) I also note that Defendant's argument ignores the United States Supreme Court's reasoning in *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011)(using the phrase that a "complaint assailing the Texas statute as authoritatively construed" in describing a facial challenge rather than a challenge to the prosecutor's conduct or the state court decisions).

If Plaintiff had not challenged the facial validity of the statute but instead complained that the trial court wrongfully denied him the DNA evidence, such a claim would be barred by *Rooker-Feldman*. *Alvarez v. Florida Attorney General*, 679 F.3d 1257, 1263(6th Cir. 2012); *In Re Smith*, 349 F. App'x 12, 15 (6th Cir. 2009).

However, where, as here, Plaintiff expressly states that he does not challenge the state court decisions, I suggest that his claim is not barred by *Rooker-Feldman*. *Skinner,* 131 S. Ct. at 1297 (holding there is "no *Rooker-Feldman* shoal" where plaintiff did not challenge the adverse state court decisions but challenged the constitutionality of the Texas post-conviction DNA statute the courts authoritatively construed). In addition, the U.S. Supreme Court has held that a challenge of this sort is properly brought under 42 U.S.C. § 1983. *Id.* at 1299. Finally, although Defendant argues that she is not the proper defendant because she has no duty to furnish the evidence, I note that the Defendant in *Skinner* was the local district attorney and the Court found the case was properly brought against her under § 1983. I therefore suggest that this argument lacks merit.

5

As to the argument that Plaintiff does not have a substantive due process right to DNA testing, citing *District Attorney's Office v. Osborne*, 557 U.S. 52, 129 S. Ct. 2308, 174 L. Ed.2d 38 (2009), I suggest Defendant misses the mark. In *Osborne*, Alaska was "one of a handful of States yet to enact legislation specifically addressing the issue of evidence requested for DNA testing." *Id.* at 64. Thus, the plaintiff in *Osborne* was not challenging the constitutionality of the state statute because there was none to challenge. Instead, the Court found that plaintiff attempted to "sidestep" the state discovery process in which "he might well get" the evidence. *Id.* at 71. Therefore, I suggest that reliance on *Osborne* is inapposite.

Since all of Defendant's arguments lack merit, I suggest that Defendant's motion to dismiss should be denied. This recommendation expresses no opinion as to the substantive claim set forth in Plaintiff's complaint, i.e., whether Mich. Comp. Laws §770.16 is unconstitutional on its face.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis*

*v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: April 18, 2014                           United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and upon the following non-ECF participant via the United States Postal Service: Ernest Browning #163520 Alger Maximum Correctional Facility, Industrial park Drive, P.O. Box 600, Munising, MI 49862.

Date:  April 18, 2014                        By    s/Patricia T. Morris
                                                            Law Clerk to Magistrate Judge Binder