UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST BROWNING,

    *Plaintiff*,                    CASE NO. 13-CV-10257

*v*.

KYM WORTHY,                 DISTRICT JUDGE PATRICK J. DUGGAN
                                       MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS
PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM**
(Doc. 24)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

### II.    REPORT

#### A.    Introduction

The background facts are soundly set forth in previous orders of the court. For purposes of this motion, the following introduction will suffice. Plaintiff filed the instant *pro se* complaint on January 18, 2013, seeking declaratory and injunctive relief under 42 U.S.C. § 1983, alleging "that Michigan's post-conviction DNA-testing statute violates due process, contrary to the Fourteenth Amendment to the United States Constitution, by

limiting DNA testing to only those items of evidence that were used against a criminal defendant at trial and that led to his conviction . . . ." (Doc. 1 at 1.) A previous Report and Recommendation ("R&R") was adopted in part and rejected in part, leaving the sole remaining claim in the case: Plaintiff's claim that Mich. Comp. Laws § 770.16 violates the procedural due process clause of the Fourteenth Amendment to the United States Constitution. (Doc. 23 at ID 157.) Defendant's motion for summary judgment and to dismiss this remaining claim was filed (Doc. 24), Plaintiff responded (Doc. 34), and Defendant replied. (Doc. 36.) I therefore suggest that the motion is ready for report and recommendation without oral argument pursuant to E.D. Mich. LR 7.1(f)(1).

### B. Motion Standards

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

### C. Analysis and Conclusions

Defendant moves for dismissal arguing that Plaintiff cannot demonstrate the facial unconstitutionality of the Michigan Statute, and even if he could, Defendant is "not the

state actor responsible for the []authoritative judicial construction of the statute that plaintiff is challenging, or enforcing the statute." (Doc. 24 at ID 160.)

The statute at issue, Mich. Comp. Laws §770.16, provides, in pertinent part:

> (1) . . . a defendant convicted of a felony at trial before January 8, 2001 who is serving a prison sentence for the felony conviction may petition the circuit court to order DNA testing of biological material identified during the investigation leading to his or her conviction, and for a new trial based on the results of that testing . . . who establishes that all of the following apply . . . .
>
>> (a) That DNA testing was done in the case or under this act.
>>
>> (b) That the results of the testing were inconclusive.
>>
>> (c) That testing with current DNA technology is likely to result in conclusive results.
>
> \* \* \*
>
> (4) The court shall order DNA testing if the defendant does all of the following:
>
>> (a) Presents prima facie proof that the evidence sought to be tested is material to the issue of the convicted person's identity as the perpetrator of, or accomplice to, the crime that resulted in the conviction.
>>
>> (b) Establishes all of the following by clear and convincing evidence:
>>
>>> (i) A sample of identified biological material described in subsection (1) is available for DNA testing.
>>>
>>> (ii) The identified biological material described in subsection (1) was not previously subjected to DNA testing or, if previously tested, will be subject to DNA technology that was not available when the defendant was convicted.
>>>
>>> (iii) The identity of the defendant as the perpetrator was at issue during his or her trial.

4

As plainly seen from the above-quoted language, the statute does not require that the biological evidence to be tested have been admitted into evidence at trial against the party seeking the DNA testing.[1]

Plaintiff avers that "[o]n July 25, 2011, the Wayne County Circuit Court denied Plaintiff's motion, interpreting MCL 770.16 as requiring Plaintiff to show that the biological evidence 'was used to identify the defendant' at trial, and that it 'le[d] to his or her conviction,' which Plaintiff could not do because the biological evidence collected from [the victim] was not used against him at trial and did not lead to his conviction." (Doc. 1 at ID 4-5.) As noted above, neither the current statutory language nor the language applicable at the time of the Wayne County hearing imposed any requirement that the biological material to be tested was introduced against a defendant at trial. That requirement stems, if at all, from the Wayne County Circuit Judge's opinion alone.[2] Plaintiff appears to recognize that the statute itself does not contain this limitation when he claims that "MCL 770.16, on its face, as *authoritatively construed by the court of Michigan*, violates the Due Process Cause of the Fourteenth Amendment to the United States Constitution . . . ." (Doc. 1 at ID 5.) (emphasis added).

---

[1] The previous version of the statute, in effect from January 6, 2009, through November 7, 2011, did not differ from the current statute in any way significant to the issue raised in this case.

[2] Defendant argues that the Wayne County Judge denied relief "because plaintiff failed to demonstrate the materiality of the evidence to plaintiff's murder conviction." (Doc. 36 at ID 258.) When considering whether the evidence was material, it would appear to be proper for the judge to consider whether biological evidence was used at trial or not.

5

Plaintiff smartly argues that the statute has been authoritatively construed to require that the evidence was admitted against the party seeking DNA testing at trial because a challenge to the Circuit Court Judge's order denying testing would run afoul of the *Rooker-Feldman* doctrine. Under that doctrine, lower federal courts cannot overturn state court orders or review state courts decisions if the federal issues are "'inextricably intertwined'" with the state court judgment. *McCormick v. Braveman*, 451 F.3d 382, 390 (6th Cir. 2006) (quoting *District of Columbia Court of Appeals. v. Feldman*, 460 U.S. 462, 486-87 (1983)). The analysis asks if the plaintiff is "'complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Id.* at 391 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)) (emphasis omitted); see also *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("The determination of whether a federal claim is 'inextricably intertwined' hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy.").

In *In re Smith*, 349 F. App'x 12, 15-16 (6th Cir. 2009), the Sixth Circuit held that Smith's claim that a state court denial of DNA testing under Mich. Comp. Laws § 770.16 violated his procedural due process rights was barred by *Rooker-Feldman*. Therefore, any challenge to the Wayne County Circuit Judge's denial of Plaintiff's motion for DNA testing would be barred by *Rooker-Feldman*.

Plaintiff, however, was savvy in framing his argument not as a challenge to the Wayne County Circuit Judge's denial of testing in his case, but rather a challenge to Michigan's statute as authoritatively construed by the Michigan Court. Challenges to the authoritative construction of a state statute are not subject to any *Rooker-Feldman* bar. *Skinner v. Switzer*, 562 U.S. 521, 528 (2011).

However, I suggest that Plaintiff's circumvention of *Rooker-Feldman* is ultimately stymied by the fact that the Wayne County Circuit Judge's interpretation is not an authoritative construction of the statute. A Michigan state Circuit Judge's opinion is not authoritative, i.e., it is not binding on any other court at any other level. *City of Detroit v. Qualls*, 434 Mich. 340, 360, n.35 (Mich. 1990) (holding that an inferior court is not bound by opinions of any higher court, such as a Circuit Court with respect to a District Court or the former Recorder's Court, but rather courts are only bound by opinions issued by the Michigan Supreme Court and published opinions of the Michigan Court of Appeals); Mich. Ct. Rule 7.215(C). Therefore, even if the Wayne County Circuit Judge's opinion stated an extra-statutory requirement that DNA evidence was admitted against a defendant at trial as a condition precedent to obtaining DNA testing of biological material, that opinion is not authoritative. Since it is not authoritative, it is not the law of Michigan and Plaintiff's claim is revisited by the *Rooker-Feldman* bar. *In re Smith*, 349 F. App'x at 15-16.

I note that the Michigan Supreme Court has held that "MCL 770.16(1) does not limit requests for DNA testing to those cases in which the biological material itself leads

7

to the defendant's conviction. Rather, MCL 770.16(1) requires simply that the biological material which the defendant seeks to be tested has been identified during the investigation that led to his or her conviction." *People v. Hernandez-Orta*, 480 Mich. 1101 (2008). Therefore, to the extent that there is authoritative construction of the statute in Michigan, it appears to denounce any requirement that a person seeking DNA testing show that the biological material was introduced against the defendant at trial.

To the extent that Plaintiff challenges the statute without reference to the construction given the statute by any Michigan Court, such a claim would also fail. Courts have held that Michigan's statutory scheme does not violate either substantive or procedural due process. *E.g., In re Smith*, 349 F. App'x 12, 15-16 (6th Cir. 2009)[3]; *Lamb v. Wayne County Prosecutor*, No. 2:09-CV-15003, at *3 (E.D. Mich. Jan. 22, 2010) (citing *Smith*, and finding Michigan's post-conviction procedures sufficient to satisfy procedural due process).

Based on the above analysis, the court need not address Defendant's alternative argument that she is not the proper party even if relief could be granted.

### D.     Conclusion

For all the reasons stated above, I suggest that Defendant's motion to dismiss be granted.

---

[3] The Sixth Circuit cited *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009). In *Osborne*, it was noted that Alaska was "one of a handful of States yet to enact legislation specifically addressing the issue of evidence requested for DNA testing." *Id.* at 64. However, the Court found the discovery process available to be constitutional. *Id.* at 71.

**III.    REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection

No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 2, 2015                                   S/ PATRICIA T. MORRIS
                                                      Patricia T. Morris
                                                      United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was also sent via First Class Mail to Ernest Browning #163520 at Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

Date: April 2, 2015                                   By s/ Kristen Krawczyk
                                                       Case Manager to Magistrate Judge Morris