UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST BROWNING,

    Plaintiff,

vs.

Civil Action No. 13-CV-10257

Honorable Patrick J. Duggan

KYM WORTHY,

    Defendant.
_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Ernest Browning, proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983 against Defendant Kym Worthy, the Wayne County Prosecutor, challenging the constitutionality of a Michigan statute addressing postconviction DNA testing. *See* Mich. Comp. Laws § 770.16. The sole claim remaining is Plaintiff's claim that § 770.16 violates his procedural due process rights under the Fourteenth Amendment by limiting DNA testing to only biological material that was used against a criminal defendant at trial and that led to the defendant's conviction, thereby not allowing the testing of biological material that was not introduced at trial

but could potentially be used during postconviction proceedings to undermine the trial evidence and exonerate the defendant. Plaintiff does not argue that the statute is unconstitutional on its face; that is, he does not contend that the statute itself limits DNA testing to only biological material that was used against a criminal defendant at trial and led to the defendant's conviction. Rather, he argues that Michigan courts have "authoritatively construed" the statute to include this unwritten requirement, rendering the statute violative of procedural due process requirements because it "establishes a liberty interest in the discovery and testing of DNA evidence that could prove a defendant's innocence but its procedures are 'fundamentally inadequate to vindicate th[e] substantive right provided.'" Compl. ¶ 27 (quoting *District Attorney's Office v. Osborne*, 557 U.S. 52, 69, 129 S. Ct. 2308, 2320 (2009)).

This case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. Defendant filed a motion for summary judgment on September 2, 2014. On April 2, 2015, Magistrate Judge Morris issued a Report and Recommendation (R&R), recommending that Defendant's summary judgment motion be granted. Plaintiff filed objections to the R&R, urging the Court to reject the R&R and deny Defendant's motion. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). Having done so, the Court will overrule the objections and grant Defendant's summary judgment motion.

## II. BACKGROUND

In 1977, Plaintiff was convicted of first-degree felony murder and first-degree criminal sexual conduct following a jury trial in state court. Specifically, Plaintiff was convicted of raping LaDonna Simmons in the course of a robbery committed by Plaintiff and others during which someone was murdered. Plaintiff is currently serving a life sentence for the murder conviction; his sentence of 25-40 years for the rape conviction has been discharged.

A doctor collected a vaginal swab from Ms. Simmons following the robbery, but the prosecution did not introduce it at Plaintiff's trial. Instead, Plaintiff was convicted based on the identification testimony of Ms. Simmons, fingerprint evidence, and the testimony of a co-defendant. Because DNA testing was unavailable at the time of Plaintiff's conviction, the vaginal swab was not tested for DNA.

After his conviction, Plaintiff twice petitioned the state court for postconviction relief under Mich. Comp. Laws § 770.16 – Michigan's postconviction DNA testing statute. Under § 770.16, if certain conditions outlined in the statute are satisfied, a defendant convicted at trial of a felony may petition the

state court in which he or she was sentenced for an order requiring DNA testing of "biological material identified during the investigation leading to his or her conviction," Mich. Comp. Laws § 770.16(1), along with a new trial if appropriate in light of the results of that testing. Both petitions were denied, but the present record contains the judicial opinion disposing of only the latter petition. In that opinion, issued on July 5, 2011, Wayne County Circuit Judge Daniel P. Ryan denied Plaintiff's petition for relief under § 770.16, construing the statutory language to foreclose the possibility of postconviction DNA testing in a situation – like that of Plaintiff's – in which the biological material was not introduced to identify the defendant at trial. *See People v. Browning*, No. 74-05901 (Wayne Cnty. Cir. Ct. Jul. 5, 2011) ("In this case, . . . no biological evidence was used to identify the defendant on either the rape or murder charge. Therefore, the biological evidence sought does not fall under the statute . . ."). In addition, Judge Ryan included in his decision an alternative basis for denying Plaintiff's request for relief under § 770.16. *See id.* ("Even if biological material was used at trial the issue would be moot" because "[t]he biological evidence sought would be linked to the rape charge, but not the murder charge," and Plaintiff's "sentence for rape was discharged on or about February 2, 2000"; therefore, "[t]he biological evidence would not relate to the murder charge for which [Plaintiff] is currently held.").

Plaintiff filed the present lawsuit on January 18, 2013, challenging the constitutionality of § 770.16. Plaintiff argues that the statute, as construed by Michigan courts, violates his Fourteenth Amendment due process rights because it arbitrarily limits relief to cases in which the biological material was introduced at trial, undermining the statute's goal:

> MCL 770.16, on its face, as authoritatively construed by the courts of Michigan, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that it establishes a liberty interest in the discovery and testing of DNA evidence that could prove a defendant's innocence but its procedures are "fundamentally inadequate to vindicate th[at] substantive right provided" . . . because those procedures arbitrarily and unreasonably restrict the discovery and testing of DNA evidence to those cases where (a) DNA testing was not available at the time of trial and (b) the prosecutor nevertheless used the biological evidence to identify the defendant as the perpetrator of the crime and (c) the biological evidence actually led to the defendant's conviction for that crime.

Compl. ¶ 27 (case citation omitted). Plaintiff states in his complaint that he "is not challenging any ruling of any state court" but rather "is challenging the constitutionality of the state statute on its face, as authoritatively construed by the state courts." *Id.* ¶ 28.

### III. ANALYSIS

Magistrate Judge Harris began her analysis by noting that the text of § 770.16 does not foreclose the testing of biological material that was not admitted into evidence at trial. Plaintiff does not object to this observation and the Court agrees

5

with it. Therefore, the statute is not facially unconstitutional in the manner asserted.

The Magistrate Judge then observed that "Plaintiff appears to recognize that the statute itself does not [limit testing to biological material that was introduced at trial] [because] he claims that 'MCL 770.16, on its face, as *authoritatively construed by the court of Michigan*, violates the Due Process Clause . . .'" R&R at 5 (quoting Compl. ¶ 27) (emphasis added by Magistrate Judge). The Magistrate Judge noted that "Plaintiff . . . was savvy in framing his argument not as a challenge to the Wayne County Circuit Judge's denial of testing in his case, but rather a challenge to Michigan's statute as authoritatively construed by the Michigan Court," R&R at 7, because a challenge to Judge Ryan's ruling in his case would be barred by the *Rooker-Feldman* doctrine while a challenge to the authoritative construction of a state statute is not subject to the *Rooker-Feldman* bar. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011) (constitutional challenge to state appellate court's authoritative construction of state statute not barred by *Rooker-Feldman* doctrine where plaintiff did not challenge the appellate court's decision itself).

However, the Magistrate Judge determined that "Plaintiff's circumvention of *Rooker-Feldman* is ultimately stymied by the fact that the Wayne County Circuit Judge's interpretation is not an authoritative construction of the statute" because "it

6

is not binding on any other court at any other level" and is therefore "not authoritative." R&R at 7. In support of her conclusion, the Magistrate Judge cited *City of Detroit v. Qualls*, 434 Mich. 340, 360 n.35, 454 N.W.2d 374, 384 n.35 (1990), for the proposition that only Michigan Supreme Court decisions and published decisions of the Michigan Court of Appeals are entitled to precedential effect. *See also* Mich. Ct. R. 7.215(C) ("An unpublished opinion [of the Michigan Court of Appeals] is not precedentially binding under the rule of stare decisis" but "[a] published opinion of the [Michigan] Court of Appeals has precedential effect under the rule of stare decisis."). Because the construction of the statute that Plaintiff challenges as unconstitutional derives from a Circuit Court decision and not a Michigan Supreme Court or published Michigan Court of Appeals decision, the Magistrate Judge concluded that the challenged construction "is not authoritative" in the sense that it is not binding on any other court and "is not the law of Michigan"; therefore, the Magistrate Judge concluded that "Plaintiff's claim is revisited by the *Rooker-Feldman* bar." R&R at 7.

In his first objection, Plaintiff challenges the Magistrate Judge's conclusion that the Circuit Court's decision in his case is "not authoritative." He points out that he appealed the Circuit Court's decision to the Michigan Court of Appeals, which denied his delayed application for leave to appeal "for lack of merit in the grounds

presented," *People v. Browning*, No. 306426 (Mich. Ct. App. Jun. 1, 2012), and to the Michigan Supreme Court, which denied his application for leave to appeal "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Browning*, 493 Mich. 870, 870 N.W.2d 666 (2012). He argues that, under federal law, these one line orders issued by Michigan's appellate courts are decisions "on the merits" and therefore authoritative for purposes of evading the *Rooker-Feldman* bar.

In *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012), the Sixth Circuit, interpreting *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770 (2011), held that an unexplained order of the Michigan Court of Appeals denying a delayed application for leave to appeal "for lack of merit in the grounds presented" is an adjudication "on the merits" for purposes of a statutory provision providing that state court decisions resolving claims that are later brought in federal court by a habeas petitioner are entitled to deference by the federal court if the state court adjudicated the claim "on the merits." *See* 28 U.S.C. § 2254(d). Plaintiff relies on this holding in his objection, arguing that the one line order issued by the Michigan Court of Appeals in his case is a decision on the merits that, in effect, approved the Circuit Court's holding in his case, rendering the Circuit Court's decision "authoritative" in the sense that it is now binding law in Michigan and therefore not subject to the

*Rooker-Feldman* bar. However, Plaintiff overlooks the fact that only *published* decisions of the Michigan Court of Appeals are "precedentially binding," not unpublished orders like the one issued in Plaintiff's case. In addition, the Michigan Supreme Court's ambiguous one line order denying leave to appeal does not suggest that the Court was in any way affirming or approving the two lower court decisions.[1] Therefore, this Court agrees with the Magistrate Judge that the Circuit Court's decision is not an authoritative construction of § 770.16 that falls outside the ambit of the *Rooker-Feldman* doctrine.

For the reasons discussed, the Court concludes that the Circuit Court's holding in this case that biological material must have been introduced against the defendant at trial to be eligible for postconviction DNA testing under § 770.16 is not the law in Michigan and is not an authoritative construction of the statute. This conclusion is bolstered by the fact that the Circuit Court's holding is inconsistent with Michigan Supreme Court precedent. As the Magistrate Judge noted in her R&R, the Michigan Supreme Court has "denounce[d] any requirement that a person seeking DNA testing show that the biological material was introduced against the defendant at trial." R&R at 8. According to the Michigan Supreme Court:

---

[1] Even if the Court could conclude that the Michigan Supreme Court's one line order approved the lower court decisions, this Court could not conclude that the Michigan Supreme Court specifically approved the challenged aspect of the Circuit Court's ruling as opposed to the unchallenged alternative basis for the ruling.

> MCL 770.16(1) does not limit requests for DNA testing to those cases in which the biological material itself leads to the defendant's conviction. Rather, MCL 770.16(1) requires simply that the biological material which the defendant seeks to be tested has been identified during the investigation that led to his or her conviction.

*People v. Hernandez-Orta*, 480 Mich. 1101, 1101, 745 N.W.2d 112, 112 (2008). In his second and final objection, Plaintiff argues that the Michigan Supreme Court's holding in *Hernandez-Orta* is not an authoritative construction of § 770.16 because it predates the decisions reached by the Michigan Court of Appeals and Michigan Supreme Court in his case. According to Plaintiff, "it appears that the decisions in [his] . . . case . . . are now the 'authoritative' construction of the statute." Objections at 3. However, for the reasons stated above, the decisions of the Michigan Court of Appeals and Michigan Supreme Court in his case are not an authoritative construction of the statute and do not abrogate the Michigan Supreme Court's holding in *Hernandez-Orta*.

### IV. CONCLUSION

For the reasons stated above, (1) the Magistrate Judge's R&R is **ADOPTED**, (2) Plaintiff's objections to the R&R are **OVERRULED**, and (3) Defendant's motion for summary judgment is **GRANTED**.

**SO ORDERED.**

Dated: June 9, 2015               <u>s/PATRICK J. DUGGAN</u>
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Ernest Browning
Aaron C. Thomas, Esq.